| | |
|---|---|
| DISTRICT COURT, MESA COUNTY, COLORADO<br>125 N. Spruce Street, Grand Junction, CO 81501 | DATE FILED: July 12, 2018 3:06 PM<br>FILING ID: E6D987C7E9514<br>CASE NUMBER: 2018CV30335 |
| Plaintiff:  Eleanor Phipps<br><br>v.<br><br>Defendant:  GEICO Casualty Company | ☐___**COURT USE ONLY**___☐ |
| J. Keith Killian, Esq.                         No. 9042<br>Damon Davis, Esq.                         No. 34323<br>KILLIAN DAVIS Richter & Mayle, PC<br>202 North Seventh Street<br>Post Office Box 4859<br>Grand Junction, Colorado 81502<br>Telephone: (970) 241-0707<br>Attys. for Plaintiff: Eleanor Phipps | Case No.<br><br><br>Div. |

## COMPLAINT

Plaintiff, Eleanor Phipps, through her attorneys of record, KILLIAN DAVIS Richter & Mayle, PC, hereby submits this Complaint, and in support thereof states as follows:

### JURISDICTION AND VENUE

1.       On April 16, 2011, and all other relevant times, Eleanor Phipps ("Phipps") was a resident of Mesa County, Colorado.

2.       On April 16, 2011, and all other relevant times, John Wesley Plotner ("Plotner") was a resident of Mesa County, Colorado.

3.       On April 16, 2011, and all other relevant times, Kyle Chinn ("Chinn") was a resident of Mesa County, Colorado.

4.       On April 16, 2011, and all other relevant times, David Ogden ("Ogden") was a resident of Mesa County, Colorado.

5.       GEICO Casualty Company ("GEICO") is an inter-insurance exchange owned by its policyholders and organized under the laws of the State of Maryland.

EXHIBIT

A

6.      GEICO is an insurance company licensed to do business in the State of Colorado including business in Mesa County.

7.      GEICO's registered agent is The Corporation Company with an address of 770 E. Arapahoe Road, Suite 220, Centennial, CO 80112-1268.

8.      GEICO conducts business in Colorado, including Mesa County.

9.      Jurisdiction is proper pursuant to Colo. Const. Art. VI, Section 9(1).

10.     Venue in Mesa County is proper, pursuant to C.R.C.P. 98(c)(1).

11.     On April 16, 2011, Phipps was the operator of a 2008 Saturn Outlook (the "Saturn") with Colorado license plate number 996TSH.

12.     On April 16, 2011, at approximately 6:05 a.m., Phipps was east bound and stopped at a red light at the intersection of 7th Street and Grand Avenue in Grand Junction, Colorado.

13.     Phipps was wearing a seatbelt.

14.     On April 16, 2011, Plotner was the operator of a 1991 Toyota Camry (the "Toyota") with Colorado license plate number 895UEK.

15.     The Toyota was owned by Chinn.

16.     Chinn gave his father-in-law, Ogden, permission to drive the Toyota.

17.     Ogden later gave Plotner permission to drive the Toyota on April 16, 2011.

18.     Since Ogden had Chinn's permission to drive the Toyota on April 16, 2011, Plotner also had Chinn's permission to drive the Toyota on April 16, 2011.

19.     On April 16, 2011, at approximately 6:05 a.m., Plotner was driving the Toyota eastbound on Grand Avenue in Grand Junction, Colorado.

20.     Plotner was driving the Toyota behind the Saturn.

21.     Plotner was driving after drinking alcohol.

22.     Plotner was intoxicated.

23.     Plotner's ability to drive was impaired by alcohol.

24.     Plotner failed to stop the Toyota to prevent it from colliding with the Saturn.

25.     Plotner struck the back end of the Saturn with the front end of the Toyota.

26.     The collision occurred at approximately 6:05 a.m.

27.     Plotner's blood alcohol concentration was in excess of that allowed by Colorado state law.

28.     At the time of the collision, the roadway was dry.

29.     There were no adverse weather conditions affecting the roadway at the time of the collision.

30.     Phipps was injured as a result of the collision.

31.     Phipps sustained injuries, damages, and losses as a result of the collision.

32.     The injuries, damages and losses Phipps suffered in the incident were the direct result of the negligent and negligent *per se* operation of the vehicle driven by Plotner.

33.     On April 16, 2011, Chinn was insured under an automobile liability policy issued by GEICO.

34.     GEICO issued an insurance policy – Policy No. 4168-00-48-79 – to Kyle Chinn.

35.     The Policy insured Chinn's 2000 Nissan Maxima.

36.     The Policy also insured Chinn's Toyota Camry.

37.     The GEICO Policy was valid and in effect on April 16, 2011.

38.     On April 16, 2011, Chinn was a named insured for the GEICO Policy.

39.     The GEICO policy issued to Chin covered the Toyota operated by Plotner.

40.     The GEICO policy covering the Toyota had liability policy limits of $50,000.

41.     On April 16, 2011, Plotner was a permissive user of the Toyota.

42.     On April 25, 2011, GEICO sent Phipps a letter advising that there was "no coverage for [this] loss. GEICO Casualty Company will take no further action with respect to this claim."

43.     GEICO never attempted to defend Plotner.

44.     On July 31, 2013, Phipps filed a Complaint in Mesa County District Court against Plotner.

45.     On September 11, 2013, GEICO was provided with a copy of the Complaint filed against Plotner.

46.     Plotner was served with the Complaint and a Summons on September 12, 2013.

47.     GEICO "disclaimed and denied any and all liability or obligation to you and others under policy number 4168004879," in a letter dated September 24, 2013.

48.     On July 13, 2016, Phipps obtained a judgment against Plotner from Mesa County District Court in the amount of $2,184,727.39.

49.     The Court issued a Writ of Garnishment with Notice of Exemption and Pending Levy ("Writ") on November 28, 2016, naming GEICO as the garnishee.

50.     The Writ was served on GEICO on December 13, 2016.

51.     Phipps filed a Motion for Default Judgment on January 23, 2016, because GEICO failed to respond to the Writ within 35 days as required by Rule 103, Section 7(a).

52.     An Order granting the motion for Default Judgment was entered by the Court on February 14, 2017.

53.     A Garnishment Hearing was held on May 30, 2017.

54.     GEICO did not appear for this hearing.

55.     The Court's Findings of Fact, Conclusions of Law, and Order ("FFCLO") was issued on July 15, 2017, *nunc pro tunc*, May 31, 2017.

56.     The FFCLO entered judgment against GEICO and in favor of Plotner for the use and benefit of Phipps, in the amount of $59,225.95, and interest at 8% per annum or at $12.98 per diem for one year then compounded thereafter.

4

57.     The FFCLO ordered GEICO to pay this amount to Phipps.

58.     Phipps, through her counsel, sent a copy of the FFCLO to GEICO on July 26, 2017.

59.     GEICO, despite being ordered to pay, did not promptly pay the judgment.

60.     After receiving a copy of the judgment entered against it, requiring it to pay the judgment on Plotner's behalf, GEICO sent a letter dated August 9, 2017, disclaiming any liability for the April 16, 2011, collision.

61.     Despite the FFCLO, GEICO took no action to indemnify Plotner for the judgment against him in the amount of the insurance coverage.

62.     Despite the FFCLO, GEICO took no action to pay Phipps the judgment.

63.     Despite receiving a copy of the FFCLO, GEICO took no action to appeal the judgment.

64.     Despite receiving a copy of the FFCLO, GEICO took no timely action to amend the judgment or otherwise relieve itself of the judgment.

65.     On September 25, 2017, Phipps sent GEICO another letter through counsel demanding payment of the judgment.

66.     By letter of September 26, 2017, GEICO again refused to pay.

67.     On October 20, 2017, the Mesa County District Court issued a writ of garnishment against the assets of GEICO, naming its bank, Bank of America Financial Center, as garnishee.

68.     The writ of garnishment was served on Bank of America Financial Center November 1, 2017.

69.     After learning of the writ of garnishment on its bank, GEICO still did not pay the judgment.

70.     GEICO instead sought relief from the judgment requiring it to pay for the collision.

71.     GEICO was unsuccessful in seeking relief.

72.     As a result of GEICO's actions, Phipps was not paid the judgment until July 2018.

73.     As a result of GEICO's actions, Plotner was not indemnified until July 2018.

5

74.     On July 6, 2017, Plotner assigned all his claims against GEICO, including his claims pursuant to sections 10-3-1115, and 10-3-1116, C.R.S. to Phipps to prosecute the claim as Phipps deems reasonable.

75.     GEICO's failure to promptly indemnify Plotner for the judgment against him, up to the policy limits, was unreasonable.

76.     GEICO's failure to promptly indemnify Plotner for the judgment against him, once a garnishment judgment was entered against GEICO was unreasonable.

77.     GEICO's initial denial of liability in the face of the garnishment judgment and refusal to pay the judgment was unreasonable.

78.     GEICO's delays in paying the garnishment judgment, including refusing to acknowledge the judgment or otherwise take action were unreasonable.

79.     GEICO's continued delays in paying the garnishment judgment, including filing a motion for relief from judgment were unreasonable.

### Issue Preclusion

80.     Plaintiff incorporates each paragraph of this complaint by reference.

81.     The Mesa County District Court, in a garnishment proceeding in 13CV30178, determined that Plotner was insured by GEICO, and that GEICO had an obligation to indemnify him for damages he caused in the collision.

82.     GEICO had a full and fair opportunity to contest its obligation to indemnify.

83.     The issue of GEICO's obligation to indemnify is identical to its obligation to indemnify in this matter.

84.     GEICO is an identical party in both proceedings.

85.     The default judgment against GEICO was a final judgment on the merits.

86.     A default judgment constitutes a final judgment for purposes of issue preclusion. *Ortega v. Board of County Comm'rs*, 683 P.2d 819, 823 (Colo. App. 1984); *Stephan v. Rocky Mnt. Chocolate Factory, Inc.*, 136 F.3d 1134, 1137-39 (7th Cir. 1998) (applying Colorado law).

87.     Issue preclusion applies in this case.

88.     Issue preclusion prohibits GEICO from re-litigating its obligation to indemnify Plotner.

**First Claim for Relief – Unreasonable Delay or Denial of Insurance Benefits**

89.     Plaintiff incorporates each paragraph of this complaint.

90.     Plotner was a permissive user of the Toyota.

91.     Plotner was an insured under the GEICO policy covering the Toyota.

92.     GEICO had a duty to indemnify Plotner for the judgment against him, up to the policy limits of the policy covering the Toyota.

93.     The duty to indemnify is a duty owed to Plotner and for his benefit.

94.     Plotner is a first-party claimant with respect to the duty to indemnify. *See D.R. Horton, Inc. – Denver v. Mountain States Mut. Cas. Co.*, 69 F.Supp.3d 1179, 1190-1191 (D. Colo. 2014) (Insurer's duty to defend is owed to the insured, making a claim for defense a first-party claim).

95.     After receiving a copy of the judgment ordering it to pay damages to Phipps on Plotner's behalf, GEICO failed to pay the judgment and continued to deny the claim.

96.     GEICO received a second notice of the judgment with an explanation that a court had found it had an obligation to pay, yet GEICO still refused to pay.

97.     GEICO's failure to pay the judgment was a failure to indemnify Plotner.

98.     GEICO delayed paying the judgment for over three months.

99.     GEICO took no action to relieve itself of the judgment or otherwise contest the judgment for over three months.

100.    After Phipps garnished GEICO's bank, GEICO challenged the judgment against it through C.R.C.P. 60, rather than pay the judgment.

101.    GEICO's C.R.C.P. 60 motion was rejected by the court.

102.    GEICO's motion caused additional delays in indemnifying Plotner.

103.    GEICO only payed the judgment after its C.R.C.P. 60 motion was denied.

104.    GEICO's action caused a delay of over eleven months in paying the judgment.

105.    GEICO's failure to pay upon receiving notice of the judgment was unreasonable.

106.    GEICO's failure to take any action on receiving notice of the judgment was unreasonable.

107.    GEICO'S filing of the C.R.C.P. 60 motion was unreasonable.

108.    Even if GEICO's filing of the C.R.C.P. 60 motion was reasonable, its failure to file it for several months was unreasonable.

109.    GEICO'S months long delay in filing the C.R.C.P. 60 motion caused unnecessary delay in indemnifying Plotner.

110.    GEICO's action in delaying the indemnity of Plotner were unreasonable.

111.    GEICO's actions were in violation of section 10-3-1115, C.R.S.

112.    GECIO's violation of section 10-3-1115, C.R.S. entitles Plotner to damages under section 10-3-1116, C.R.S.

113.    Plotner has assigned his claims against GEICO to Phipps.

114.    Phipps has standing to pursue Plotner's section 10-3-1115 and 1116, C.R.S. claims against GEICO.

115.    Phipps has standing to recover Plotner's damages from GEICO under section 10-3-1116, C.R.S.

### DAMAGES CJI-Civ. 6:1 (2017)

116.    Plaintiff incorporates by reference each paragraph of this complaint.

117.    GEICO's actions harmed Plotner by causing him to incur additional interest, and by causing him emotional upset from the uncertainty of whether he would be indemnified and from remaining liable for the entire judgment rather than only the excess judgment, and from inconvenience from being forced to participate in the garnishment proceedings.

118.    As Plotner's assignee, Phipps is entitled to recover the damages caused to Plotner.

119.    Due to Geico's unreasonable denial of indemnity and delay in paying indemnity benefits, Plotner is entitled to recover two times the covered benefit.

120.    As Plotner's assignee, Phipps is entitled to recover two times the covered benefit from GEICO.

121.    Due to Geico's unreasonable denial of indemnity and delay in paying indemnity benefits, Plotner is entitled to recover attorney fees and costs in pursuing a claim for unreasonable delay and denial of insurance benefits.

122.    As Plotner's assignee, Phipps is entitled to recover attorney fees and costs in pursuing the claim for unreasonable delay and denial of insurance benefits.

123.    Plotner is entitled to recover pre- and post-judgment interest on his damages.

124.    As Plotner's assignee, Phipps is entitled to recover pre- and -post-judgment interest on the damages.

**WHEREFORE,** Plaintiff respectfully requests that:

A.    Judgment be entered in her favor against GEICO for a monetary sum, in an amount to be proven at trial;

B.    Pre-judgment and post-judgment interest.

C.    Attorney fees

D.    Costs of litigation, including expert witness fees; and

E.    Such other and further relief as the court deems just and proper.


**PLAINTIFF REQUESTS A JURY TRIAL OF SIX (6) ON ALL RELEVANT ISSUES.**

DATED this 12th day of July, 2018.

KILLIAN DAVIS
Richter & Mayle, PC

***Duly authorized original signature on file at the offices of*** KILLIAN DAVIS **Richter & Mayle, PC** ***pursuant to C.R.C.P. 121, section 1-26(7)***

*/s/Damon Davis*

| | |
|---|---|
| J. Keith Killian | No. 9042 |
| Damon Davis | No. 34323 |

Plaintiff's Address:
2214 Victorian Court
Grand Junction, CO 81507